UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>WILLIAM J. WIDMER,<br><br>                Defendant. | CASE NO.<br><br>**COMPLAINT TO ENFORCE COMPLIANCE WITH CONSENT ORDER** |

Plaintiff United States of America, on behalf of Brian Brooks, the Acting Comptroller of the Currency (Comptroller), United States Department of the Treasury, respectfully applies to the Court for a judgment pursuant to Section 8(i)(1) of the Federal Deposit Insurance Act, 12 U.S.C. §1818(i)(1), enforcing compliance by Defendant William J. Widmer (Widmer) with a final Consent Order entered by the Office of the Comptroller of the Currency on November 18, 2014, directing Widmer to pay restitution of ONE MILLION FOUR HUNDRED SIXTY FOUR THOUSAND DOLLARS ($1,464,000) to Hometown National Bank, pursuant to 12 U.S.C. 1818(b)(6)(A)(ii).

COMPLAINT TO ENFORCE COMPLIANCE
WITH CONSENT ORDER - 1
(*USA v. William J. Widmer*)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
206-553-7970

In support the United States alleges as follows:

## INTRODUCTION

1. The Comptroller seeks by this action to enforce a Consent Order, which was entered on November 18, 2014.

2. Widmer consented to the entry of the Consent Order on October 27, 2014.

3. Widmer has not complied with the Consent Order's requirement to pay restitution.

## PARTIES

4. Brian Brooks (Brooks), is the Acting Comptroller of the Currency. As such, Brooks serves as the Chief Officer of the Office of the Comptroller of the Currency (OCC). 12 U.S.C. § 1(b)(1). The OCC is an independent bureau of the United States Treasury "charged with assuring the safety and soundness of, and compliance with laws and regulations, fair access to financial services, and fair treatment of customers by, the institutions and other persons subject to its jurisdiction." 12 U.S.C. § 1(a).

5. Defendant, Widmer, is the former "institution-affiliated party" of the Hometown National Bank in Longview, Washington (Hometown) as that term is defined in 12 U.S.C. § 1813(u). Widmer is a resident of Kirkland, Washington.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 12 U.S.C. § 1818 (i)(1) and 28 U.S.C. §§ 1331 and 1345.

7. Venue is proper because Widmer is a resident of Kirkland, Washington, within the Western District of Washington.

## STATEMENT OF RELEVANT FACTS

8. In 2014 the OCC completed an investigation into the affairs of Hometown and, deeming it appropriate and in the public interest, proposed to institute a public administrative action to

COMPLAINT TO ENFORCE COMPLIANCE
WITH CONSENT ORDER - 2
(*USA v. William J. Widmer*)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
206-553-7970

prohibit any further participation by Widmer, in any manner, in the conduct of the affairs of any insured depository institution, as that term is defined in 12 U.S.C. § 1813(c)(2) (Prohibition) and to order Widmer to pay restitution to Hometown for losses sustained as a result of Widmer's actions (Restitution), pursuant to 12 U.S.C. §§ 1818(b)(6) and (e).

9. In 2014 Widmer was the former Chair of the Board and a shareholder in Hometown and was a person who filed applications for change in control of Hometown in 2012 and 2013.

10. In anticipation of commencement of proceedings against Widmer, the OCC submitted a proposed Consent Order to Widmer as an offer of settlement. Pursuant to the proposed Consent Order, Widmer would agree to the Prohibition and to Restitution of One Million Four Hundred Sixty-Four Thousand Dollars ($1,464,000).

11. On October 27, 2014, Widmer agreed to the proposed settlement and executed the Consent Order. By accepting the settlement and executing the Consent Order, Widmer consented to entry of the OCC order without admitting or denying the allegations therein, except as to the OCC's jurisdiction over him and the subject matter of the proposed proceeding, which were admitted.

12. On November 18, 2014, the OCC entered the Consent Order in action AA-EC-2014-85, immediately prohibiting Widmer from participation in the affairs of an insured depository institution and ordering the payment of Restitution of One Million Four Hundred Sixty-Four Thousand Dollars ($1,464,000). A copy of the executed Consent Order is attached hereto as Exhibit 1.

13. To date, Widmer has not paid the Restitution.

14. In the Consent Order, the OCC found that Widmer served as Chairman of Hometown from December 2012 through August 2013; was a shareholder and participated in the affairs of

COMPLAINT TO ENFORCE COMPLIANCE
WITH CONSENT ORDER - 3
(*USA v. William J. Widmer*)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
206-553-7970

Hometown from October 2102 through September 2013; and filed a change-of-control notice with the OCC in August 2012 in connection with his investment in Hometown.

15. In the Consent Order, the OCC found that Widmer, in his role as shareholder and Chairman of Hometown caused Hometown to open and operate a loan processing center as a branch office of Hometown in Irvine, California without obtaining a required determination of no supervisory objection from the OCC.

16. In the Consent Order, the OCC found that Widmer took the actions described in paragraph 15 of this Complaint knowing that he was required to obtain a determination of no supervisory objection prior to opening any loan production office and knowing that he lacked such determination of no supervisory objection prior to opening the loan production office.

17. In the Consent Order, the OCC found that Widmer continued to operate the loan production office between February and April 2013 despite notice from the OCC that operation of the loan production office was not approved.

18. In the Consent Order, the OCC found that Widmer knowingly made false statements to the OCC regarding the source of funding for the loan production office, falsely claiming that a third party corporate entity, Fairplay Funding Corporation (Fairplay), which was not affiliated with Hometown but of which Widmer was President, was paying certain salary operating expenses for the loan production office.

19. In the Consent Order, the OCC found that Widmer knowingly made false statements of material information to the OCC as part of his filing of a change-in-control application in August 2012 in connection with his investment Hometown. Specifically, Widmer falsely represented to the OCC that the funding for his then proposed investment in Hometown was to be personal "cash on hand." In actuality, Widmer directed Fairplay to make payment for

COMPLAINT TO ENFORCE COMPLIANCE
WITH CONSENT ORDER - 4
(*USA v. William J. Widmer*)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
206-553-7970

his investment in Hometown. The OCC determined that it would not have approved the change-in-control application had the actual source of funding for Widmer's investment been disclosed.

20. In the Consent Order, Widmer waived his rights to "seek judicial review of" or "contest the validity of" the Consent Order. Consent Order, p. 7, Art. V, ¶ 1(c) and (d).

**CLAIM FOR RELIEF**

Section 8(i)(1) of the Federal Deposit Insurance Act, 12 U.S.C. § 1818(i)(1), provides, in pertinent part:

> The appropriate Federal banking agency may in its discretion apply to the United States district court, or the United States court of any territory, within the jurisdiction of which the home office of the depository institution is located, for the enforcement of any effective and outstanding notice or order issued under this section… and such courts shall have jurisdiction and power to order and require compliance herewith…

In an action for enforcement of an order brought under section 1818(i)(1), the defendant may not challenge the validity of the order sought to be enforced as the court may not "review, modify, suspend, terminate, or set aside any such notice or order." 12 U.S.C. § 1818(i)(1).

WHEREFORE, the Comptroller respectfully requests that the Court enter a judgment that:

1. Enforces the Consent Order;

2. Requires Widmer to pay restitution of One Million Four Hundred Sixty-Four Thousand Dollars ($1,464,000), plus post judgment interest pursuant to 28 U.S.C. § 1961, within 30 days; and

//
//
//
//

COMPLAINT TO ENFORCE COMPLIANCE
WITH CONSENT ORDER - 5
(*USA v. William J. Widmer*)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
206-553-7970

3. Grants all other relief in favor of the United States that the Court deems just and equitable.

DATED this 23rd day of December 2020.

    Respectfully submitted,

    BRIAN T. MORAN
    United States Attorney

    s/ *Kyle A. Forsyth*
    KYLE A. FORSYTH, WSBA #34609
    Assistant United States Attorney
    United States Attorney's Office
    700 Stewart Street, Suite 5220
    Seattle, Washington 98101-1271
    Phone:  206-553-7970
    Fax:     206-553-4067
    Email:  kyle.forsyth@usdoj.gov

COMPLAINT TO ENFORCE COMPLIANCE
WITH CONSENT ORDER - 6
(*USA v. William J. Widmer*)

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
206-553-7970

**#2014-163**

UNITED STATES OF AMERICA
DEPARTMENT OF THE TREASURY
COMPTROLLER OF THE CURRENCY

| | |
|---|---|
| **In the Matter of:** ) | |
| William J. Widmer, Jr. ) | |
| Former Chairman of the Board ) | AA-EC-2014-85 |
| Hometown National Bank ) | |
| Longview, Washington ) | |

**CONSENT ORDER**

WHEREAS, the Comptroller of the Currency of the United States of America ("Comptroller") intends to initiate cease and desist and prohibition proceedings against William J. Widmer, Jr. ("Respondent") pursuant to 12 U.S.C. §§ 1818(b) and (e) on the basis of Respondent's actions as shareholder and Chairman of the Board of Hometown National Bank, Longview, Washington ("Bank"), and as a person who filed a change-in-control notice with the Office of the Comptroller of the Currency ("OCC"), during the period of 2012 through 2013; and

WHEREAS, in the interest of cooperation and to avoid the costs associated with future administrative and judicial proceedings with respect to this matter, Respondent, without admitting or denying any wrongdoing, desires to enter into this Consent Order ("Order") issued pursuant to 12 U.S.C. §§ 1818(b) and (e);

NOW, THEREFORE, in consideration of the above premises, it is stipulated by and between the Comptroller, through his duly authorized representative, and Respondent that:

- 1 -

Initials: WJW
Date: 10-27-2014

Exhibit 1 - Page 1 of 10

## Article I

### JURISDICTION

(1) The Bank is a national banking association, chartered and examined by the Comptroller, pursuant to the National Bank Act of 1864, as amended, 12 U.S.C. § 1 *et seq*. Accordingly, the Bank is an "insured depository institution" as that term is defined in 12 U.S.C. § 1813(c)(2).

(2) Respondent is the former Chairman of the Board of the Bank, is a shareholder who participated in the conduct of the affairs of the Bank, is a person who filed a change-in-control notice with the OCC, and is thereby an "institution-affiliated party" of the Bank as that term is defined in 12 U.S.C. § 1813(u), having served in such capacity within six (6) years from the date hereof (see 12 U.S.C. § 1818(i)(3)).

(3) Pursuant to 12 U.S.C. § 1813(q), the Comptroller is the "appropriate Federal banking agency" to maintain an enforcement proceeding against institution-affiliated parties. Therefore, Respondent is subject to the authority of the Comptroller to initiate and maintain cease and desist and prohibition actions against him pursuant to 12 U.S.C. §§ 1818(b) and (e).

## Article II

### COMPTROLLER'S FINDINGS

The Comptroller finds, and Respondent neither admits nor denies, the following:

- 2 -

Initials: WJW
Date: 10-27-2014

Exhibit 1 - Page 2 of 10

(1) Respondent served as Chairman of the Board from December 2012 until his resignation in August 2013. Respondent is also a shareholder who participated in the conduct of the affairs of the Bank from October 2012 until his resignation as Director in September 2013. Additionally, Respondent filed a change-of-control notice with the OCC in August 2012 as part of his investment in the Bank.

(2) Respondent opened and operated a loan production office ("LPO") as a branch of the Bank in Irvine, California. Respondent took such action without obtaining the required prior determination of no supervisory objection from the OCC. On multiple occasions beginning in December 2012, the OCC informed Respondent that operating such a mortgage banking operation required a prior determination of no supervisory objection from the OCC. At no time did the OCC provide the Bank or Respondent with a determination of no supervisory objection for the Bank to open and operate the Irvine, California LPO. Respondent knew he lacked OCC approval for the LPO; notwithstanding, he continued to establish and operate the LPO. Additionally, through material omissions, he made misrepresentations to the Bank's Board regarding the LPO operations and the lack of OCC prior determination of no supervision objection. Respondent ignored regulatory warnings regarding the lack of approval and continued to incur large expenses associated with LPO operations, such that by February 2013 salaries at the LPO were several times higher than at the rest of the Bank, which was in deteriorated financial condition. When the OCC learned of the LPO in February 2013, the OCC reiterated to Respondent that the Bank did not have approval for the LPO.

Initials: WJW
Date: 10-27-2014

Exhibit 1 - Page 3 of 10

Respondent took no action in response and the office remained open until the OCC directed the Board in writing in April 2013 to cease all Bank LPO operations. Additionally, Respondent made false statements to OCC personnel in February 2013 by asserting that the majority of LPO staff were employees of Fairplay Financial, Inc. ("Fairplay"), when in actuality the entire staff of the Irvine, California LPO was transferred to the Bank's payroll as employees the previous month.

(3) Losses to the Bank in 2013 attributable to Respondent's operation of the LPO totaled $1,464,000. This amount includes salaries, rent, and other expenses of $1,675,000 minus income for interest, fees, and loan sales of $211,000.

(4) In August of 2012, Respondent affirmed in an Interagency Notice of Change-in-Control filed with the OCC that he would be funding his investment in the Bank with "cash on hand," which was a false statement in violation of 18 U.S.C. § 1001. In fact, Respondent directed his company, Fairplay, to finance the purchase of Bank stock in his name. The OCC determined, based on Respondent's submission, that it did not disapprove the proposed change in control and Respondent received Bank stock.

(5) By reason of the foregoing conduct, Respondent engaged in unsafe or unsound practices, a violation of law, and breaches of his fiduciary duty to the Bank; caused financial loss to the Bank and received a benefit; and demonstrated personal dishonesty, a willful and continuing disregard for the safety and soundness of the Bank, and a reckless disregard for the law.

## Article III

ORDER OF PROHIBITION

Respondent consents to, and it is ORDERED that:

(1)     With respect to the institutions and agencies set forth in paragraph (2) of this Article, Respondent hereby agrees that he shall not:

    (a)     participate in any manner in the conduct of their affairs;

    (b)     solicit, procure, transfer, attempt to transfer, vote, or attempt to vote any proxy, consent, or authorization with respect to any voting rights;

    (c)     violate any voting agreement previously approved by the "appropriate Federal banking agency," as defined in 12 U.S.C. § 1813(q) (as amended); or

    (d)     vote for a director, or serve or act as an "institution-affiliated party," as defined in 12 U.S.C. § 1813(u) (as amended).

(2)     The prohibitions in paragraph (1) of this Article apply to the following institutions and agencies:

    (a)     any insured depository institution, as defined in 12 U.S.C. § 1813(c);

    (b)     any institution treated as an insured depository institution under 12 U.S.C. §§ 1818(b)(3), (b)(4), or (b)(5);

    (c)     any insured credit union under the Federal Credit Union Act;

    (d)     any institution chartered under the Farm Credit Act of 1971;

(e) any appropriate Federal depository institution regulatory agency; and

(f) the Federal Housing Finance Board and any Federal Home Loan Bank.

(3) The prohibitions of paragraphs (1) and (2) of this Article shall cease to apply with respect to a particular institution if Respondent obtains the prior written consent of both the Comptroller and the institution's "appropriate Federal financial institutions regulatory agency," as defined in 12 U.S.C. § 1818(e)(7)(D) (as amended).

(4) This Order shall be enforceable to the same extent and in the same manner as an effective and outstanding order that has been issued and has become final pursuant to 12 U.S.C. § 1818(e) and (h).

## Article IV

### ORDER FOR PAYMENT OF RESTITUTION

Respondent consents to, and it is ORDERED that:

(1) Respondent shall pay restitution to the Bank in the amount of one million four hundred sixty-four thousand dollars ($1,464,000) upon execution of this Order.

(2) Within seven (7) days of payment, Respondent shall deliver a copy of proof of payment of restitution to Director, Enforcement & Compliance Division, Office of the Comptroller of the Currency, 400 7th Street, S.W., Washington, D.C. 20219.  The docket number of this case (AA-EC-2014-85) shall be included with your correspondence.

(3)     This Order shall be enforceable to the same extent and in the same manner as an effective and outstanding order that has been issued and become final pursuant to 12 U.S.C. § 1818(b)(6) and (h).

### Article V

### CLOSING

(1)     By executing this Order, Respondent waives:

    (a)     the right to a Notice of Charges for Issuance of an Order to Cease and Desist and a Notice of Intention to Prohibit Further Participation under 12 U.S.C. §§ 1818(b) and (e);

    (b)     all rights to a hearing and a final agency decision pursuant to 12 U.S.C. §§ 1818(b) and (e) and 12 C.F.R. Part 19;

    (c)     all rights to seek judicial review of this Order;

    (d)     all rights in any way to contest the validity of this Order; and

    (e)     any and all claims for fees, costs or expenses against the Comptroller, or any of his agents or employees, related in any way to this enforcement matter or this Order, whether arising under common law or under the terms of any statute, including, but not limited to, the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

(2)     Respondent shall not cause, participate in or authorize the Bank (or any subsidiary or affiliate thereof) to incur, directly or indirectly, any expense for the

payment of restitution under this Order, or any legal (or other professional) expense relative to the negotiation and issuance of this Order except as permitted by 12 C.F.R. § 7.2014 and Part 359.  In addition, Respondent shall not, directly or indirectly, obtain or accept any indemnification (or other reimbursement) from the Bank (or any subsidiary or affiliate thereof) with respect to such amounts except as permitted by 12 C.F.R. § 7.2014 and Part 359.

(3)     Respondent acknowledges that he has read and understands the premises and obligations of this Order and declares that no separate promise or inducement of any kind has been made by the Comptroller, or his agents or employees, to cause or induce Respondent to agree to consent to the issuance of this Order and/or to execute this Order.

(4)     This Order constitutes a settlement of any proceedings arising out of the facts, omissions, or violations described in the Comptroller's Findings (Article II of this Order).  The Comptroller agrees not to institute proceedings for the specific acts, omissions, or violations referenced in Article II of this Order, unless such acts, omissions, or violations reoccur.  However, the specific acts, omissions, or violations described in Article II may be used by the Comptroller in future enforcement actions to establish a pattern of misconduct or the continuation of a pattern of misconduct.

(5)     This Order shall not be construed as an adjudication on the merits and, except as set forth in paragraph (4) above, shall not inhibit, estop, bar, or otherwise prevent the Comptroller from taking any action affecting Respondent if, at any time, he

- 8 -

Initials: WJW
Date: 10-27-2014

Exhibit 1 - Page 8 of 10

deems it appropriate to do so to fulfill the responsibilities placed upon him by the several laws of the United States of America.

(6) Nothing herein shall preclude any proceedings brought by the Comptroller to enforce the terms of this Order, and nothing herein constitutes, nor shall Respondent contend that it constitutes, a waiver of any right, power, or authority of any other representatives of the United States or agencies thereof, including the Department of Justice, to bring other actions deemed appropriate.

(7) This Order is intended to be, and shall be construed to be, a final order issued pursuant to 12 U.S.C. § 1818, and expressly does not form, and may not be construed to form, a contract binding the Comptroller or the United States. Respondent expressly acknowledges that no officer or employee of the Comptroller has statutory or other authority to bind the United States, the United States Treasury Department, the Comptroller, or any other federal bank regulatory agency or entity, or any officer or employee of those entities, to a contract affecting the Comptroller's exercise of his supervisory responsibilities.

(8) This Order is "issued with the consent of . . . the institution-affiliated party concerned," pursuant to 12 U.S.C. § 1818(h)(2).

(9) The terms of this Order, including this paragraph, are not subject to amendment or modification by any extraneous expression, prior agreements, or prior arrangements between the parties, whether oral or written.

Initials: WJW
Date: 10-27-2014

(10) The provisions of this Order are effective upon issuance by the Comptroller through his authorized representative whose hand appears below, and shall remain effective and enforceable, except to the extent that, and until such time as, any provisions of this Order shall have been amended, suspended, waived, or terminated in writing by the Comptroller, through his authorized representative.

IN TESTIMONY WHEREOF, the undersigned has hereunto set his hand.

| | |
|---|---|
| s/William J. Widmer, Jr | 10-27-2014 |
| William J. Widmer, Jr. | Date |

IT IS SO **ORDERED.**

| | |
|---|---|
| s/Kristina B. Whittaker | 11/18/2014 |
| Kristina B. Whittaker | Date |
| Deputy Comptroller | |
| Special Supervision | |

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America,

**DEFENDANTS**
William J. Widmer,

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: King County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
AUSA Kyle Forsyth, U.S. Attorney's Office, 700 Stewart Street, Suite 5220, Seattle, WA 98101; 206-553-7970

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[x] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

(Nature of suit checkboxes — the only one marked is [x] 890 Other Statutory Actions under OTHER STATUTES.)

## V. ORIGIN *(Place an "X" in One Box Only)*

[x] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
12 U.S.C. § 1818(i)(1)

Brief description of cause:
Complaint to Enforce Compliance with Consent Order

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ $1,464,000 + interest

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE: 12/23/2020

SIGNATURE OF ATTORNEY OF RECORD: s/ Kyle Forsyth

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b)   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c)   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

V.   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |  |
|---|---|---|
| *Plaintiff(s)* | ) ) ) ) ) ) ) ) ) ) ) ) | |
| v. | | Civil Action No. |
| *Defendant(s)* | | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: